OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court and Appellant's pro se brief. Appellant Victoria Lane appeals the judgment of the Mahoning County Court of Common Pleas, Juvenile Division, emancipating the parties' minor son and terminating the child support from Appellee John Lane. The sole issue we must address is whether Victoria was given proper notice of the proceedings resulting in the order. Because Victoria resides out of state, service would have only been proper if she were notified via certified mail or by express mail unless otherwise permitted by Civ.R. 4.3. In this case, Victoria was served by regular mail. This was not permitted by the rule. Consequently, the judgment of the trial court is reversed, the trial court's order dated July 12, 2002 is vacated and this cause is remanded for further proceedings.
 {¶ 2} On May 7, 2002, the CSEA moved for emancipation with no remaining children and for determination of the arrearage balance. On June 21, 2002, a hearing to terminate child support through emancipation was held before a magistrate in juvenile court. Victoria was not present at this hearing. The magistrate ordered child support be terminated and emancipated the minor child as of February 18, 2001 based upon the minor child allegedly dropping out of school prior to his eighteenth birthday. The magistrate then ordered a child support credit be awarded to John in the amount of $2,488.63. The trial court subsequently adopted the decision of the magistrate.
 {¶ 3} On July 12, 2002, Victoria who was residing in North Carolina allegedly called the CSEA to notify the department that her son had graduated from high school. It was at that time, Victoria claims she was notified that the case had already been decided. Victoria now appeals from the trial court's judgment entry dated July 12, 2002 adopting the magistrate's decision.
 {¶ 4} Although Victoria does not clearly set out any assignments of error in her pro se brief, she does list nine separate issues for this court's review. It appears her main contention is that she was never given notice of the June 21, 2002 hearing.
 {¶ 5} The motion which had allegedly been served upon Victoria, the magistrate's decision, and the judgment entry of the trial court, all had Victoria's address listed as being Myrtle Beach, South Carolina. Although counsel for the CSEA requested that the motion seeking termination of child support and emancipation of the minor child be sent to Victoria via certified mail, the clerk's docketing entry indicates it was sent regular mail. Victoria now claims she was denied due process based on the lack of proper service of the original motion. This court has explained,
 {¶ 6} "Pursuant to Civ.R. 75(J), when a party attempts to invoke the continuing jurisdiction of a court over a child support order it issues, the party must file a motion with the court and serve that motion on all parties in the manner provided for the service of process under Civ.R. 4 to 4.6. `[T]he continuing jurisdiction of the court cannot be properly invoked by motion pursuant to Civ.R. 75(I) [now Civ.R. 75(J)] in the absence of service of notice on the opposing party * * * [and] the court is without power to issue a valid, binding judgment.' Rondy v.Rondy (1983), 13 Ohio App.3d 19, 22. Such a judgment is void ab initio and subject to collateral attack because a lack of proper notice violates due process. Id." Bureau of Support v. Brown (Nov. 6, 2001), 7th Dist. No. 00APO742, at 5.
 {¶ 7} Here, it is undisputed that Victoria resides out of state. Civ.R. 4.3 requires service of process upon out-of-state parties "shall be by certified or express mail unless otherwise permitted by these rules." In order to prove service has been given correctly, "[t]he clerk shall forthwith enter the fact of mailing on the appearance docket and make a similar entry when the return receipt is received. * * * The clerk shall file the return receipt or returned envelope in the records of the action." Civ.R. 4.3(B)(1). Here, it is clear from the docket that service was never returned. This can only be explained by the clerk's failure to send the motion via certified mail. Although the CSEA attempted to invoke the juvenile court's continuing jurisdiction by requesting that notice be sent out by certified mail, the actual service did not conform with Civ.R. 4.3.
 {¶ 8} Because we refuse to punish a party for an oversight committed by the clerk's office, we conclude the judgment entry filed July 12, 2002 did not comply with due process and is, thus, void ab initio. The judgment of the trial court is reversed and the judgment entry dated July 12, 2002 is vacated and this cause is remanded for further proceedings according to law and consistent with this court's opinion.
Waite, P.J., and Donofrio, J., concur.